# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

JOHN D. JUSTICE,

                                              Petitioner,

                    -vs-                                    DECISION & ORDER

HAROLD GRAHAM, *Superintendent*,                           09-CV-6287-CJS

                                              Respondent.

## INTRODUCTION

**Siragusa, J.** In a Decision and Order docketed on August 6, 2009, the Court

dismissed the habeas corpus petition of John D. Justice ("Petitioner") and the Clerk

entered judgment on August 10, 2009. Petitioner filed what he labeled a "Notice of

Motion for Relief from Order (FRCP 60)," docketed on August 12, 2009, just two days

after the judgment. Since the case was dismissed prior to any answer being filed,

Respondent has not appeared. For the reasons stated, such application is denied.[1]

## FACTUAL BACKGROUND

Petitioner, acting *pro se*, sought relief in a petition filed on June 2, 2009,

pursuant to 28 U.S.C. § 2254. On June 18, 2009, the Court issued a Decision and

Order noting that his conviction in Erie County Court was entered on January 14, 1993,

---

[1]On August 24, 2009, Petitioner filed a notice of appeal as to the Court's Decision and Order of August 6, 2009. Then, on December 1, 2009, he filed a motion for recusal and change of venue. The Court has already issued a Decision and Order on the motion seeking recusal and change of venue. *Justice v. Graham*, No. 09-CV-6540-CJS (W.D.N.Y. Mar. 9, 2011). Finally, on August 3, 2010, he filed papers in which he alerted the Court that he, "will be submitting an *ex parte* motion, seeking transfer to federal custody during the prosecution of these cases." (Docket No. 17.) However, to date, no such application has been filed.

and directed Petitioner to show cause why his petition was not untimely. Petitioner responded, and, on August 6, 2009, the Court filed a Decision and Order dismissing the petition as untimely pursuant to 28 U.S.C. § 2244(d)(1). The Clerk entered judgment on August 10, 2009.

Petitioner's August 12, 2009, motion (Docket No. 10), styled as a Motion for Relief from Order and citing to Federal Rule of Civil Procedure 60, challenges the Court's August 6, 2009, decision, which dismissed his Federal habeas petition as untimely. In his pending application, Petitioner argues that the Court erred in its determination since the one-year limitations period did not begin to run until May 1, 2008, when the New York Court of Appeals dismissed his motion for leave to appeal concerning his challenge to the New York Criminal Procedure Law section 330.20 Order of Conditions, issued by New York State Supreme Court Justice Tills on January 11, 2006. Since Petitioner, in his application, challenges the Court's factual recitation as well as its legal conclusion, the Court will briefly restate the background of the case.[2]

On September 16, 1985, Petitioner, then age seventeen, stabbed to death his thirteen-year-old brother, his mother and his father. "Thereafter, he cut his arms in a suicide attempt and when that did not work, he went to his car and resolved to crash into something to kill himself. He crashed into a car stopped at a red light killing the occupant of that car." (Psychiatric Evaluation (Jul. 28, 2005), attached to Petition as Ex.

---

[2]The facts of the underlying State criminal case were set forth in various reported decisions in the State appellate court, *People v. Justice*, 173 A.D.2d 144 (4th Dept. 1991), *People v. Justice*, 202 A.D.2d 981 (4th Dept. 1994), and in a prior decision by this Court in another action commenced by Petitioner, Decision and Order (Docket No. 12), *Justice v. Graham*, No. 09-CV-6054 (Jun. 17, 2009).

D (Docket No. 1-3, at 51 of 159).) At his State trial on four counts of murder in the second degree, and four counts of criminal possession of a weapon in the fourth degree,  Petitioner asserted the affirmative defense of insanity. The jury found him guilty of intentional murder for the death of his mother and depraved indifference murder for the death of the motorist, but found him not responsible by reason of mental disease or defect in the deaths of his father and brother. He was also found guilty of two counts of weapon possession. The sentences under counts 2, 4, 6 and 8 consisted of imprisonment, whereas for counts 1, 3, 5 and 7, the court issued "a commitment order committing [Petitioner] to the custody of the State Commissioner of Mental Health for confinement in a secure facility for care and treatment for six months from today's date." (Sentence, *People v. Justice*, No. 85-1388-001 (N.Y. Co. Ct. Feb. 20, 1987) at 1 (attached as Ex. A to the Petition (Docket No. 1-3, at 34).)[3] The trial court's sentence included the following: "The court's sentences under counts 2, 4, 6 and 8 are to be executed first and compliance with those sentences shall be deemed to satisfy the statutorily required commitments under counts 1, 3, 5 and 7." (*Id.* at 3.)

Petitioner's principal argument in the State appellate court on appeal from his criminal conviction at the first trial was that, "in a case involving multiple related crimes, if an affirmative defense is established with respect to one crime, it necessarily must be with respect to all crimes during a specific time period." *People v. Justice*, 579 N.Y.S.2d

---

[3]Unfortunately, the record available to the Court does not contain a copy of the indictment showing which counts pertain to which crimes. However, the Sentence document does state that counts 1 and 5 related to the death of John W. Justice (Petitioner's father), counts 3 and 7 to the death of Mark Justice (Petitioner's brother), count 2 to the intentional murder of Mary D. Justice (Petitioner's mother), and count 4 to the death of Wayne Haun, the motorist. (Sentence at 1–2.)

502, 504 (N.Y. App. Div. 4th Dep't 1991). The Appellate Division rejected that argument, but reversed his judgment of conviction because it found that the trial judge's charge was inadequate, confusing and misleading. *Id*.

Upon retrial, Petitioner was convicted of manslaughter in the first degree for the death of his mother, and manslaughter in the second degree for the death of the motorist. (Memorandum and Order, *People v. Justice*, Ind. No. 85-1388-001 (N.Y. Co. Ct. Jan. 27, 2009) (Docket No. 1-3), at 2.) In a letter dated November 25, 1992, Petitioner's criminal defense attorney, John R. Nuchereno, Esq., inquired of the Office of Mental Health as to whether Petitioner was "free of Mental Hygiene, *etc*." (John R. Nuchereno, Esq. letter to Mr. Rich Miraglia ("Miraglia") (Nov. 25, 1992) (Pet. Ex. E) at 2 (Docket No. 1-3, at 39 of 159).) In a responding letter dated December 16, 1992, Miraglia stated that "the Office of Mental Health has neither initiated nor is it aware of any pending applications pursuant to Criminal Procedure Law (CPL) 330.20." (Mr. Rich Miraglia letter to John R. Nuchereno, Esq. (Dec. 16, 1992) (Pet. Ex. C) at 1.) Further, Miraglia referenced the original sentence in which the trial judge stated that his sentence of incarceration satisfied the "statutorily required commitments" and stated further that their office records reflected that Petitioner "received inpatient psychiatric care pursuant to Correction Law Article 16, Section 402 at Central New York Psychiatric Center." (*Id*.)

On January 14, 1993, Petitioner was sentenced on the manslaughter convictions to consecutive prison sentences, with an aggregate term of thirteen-and-one-third to forty years. Petitioner appealed, and on March 11, 1994, the New York State Supreme Court, Appellate Division Fourth Department, affirmed. *People v. Justice*, 609 N.Y.S.2d

734 (N.Y. App. Div. 4th Dept. 1994). On June 13, 1994, the New York State Court of Appeals denied leave to appeal. *People v. Justice*, 83 N.Y.2d 968 (1994). The time for petitioning the Supreme Court for a writ of certiorari ran out on September 11, 1994. Sup. Ct. R. 13.

On or about September 9, 2005, Petitioner was released from prison to parole supervision. Thereafter, on January 11, 2006, Petitioner became subject to an Order of Conditions, imposed by the New York State Supreme Court Justice Ronald H. Tills, pursuant to New York Criminal Procedure Law section 330.20, as a result of having been found not responsible for the deaths of his brother and father by reason of mental disease or defect.

Subsequently, on August 7, 2006, Petitioner was placed back into custody in connection with his arrest for violating the terms of his parole.[4] In that regard, on January 8, 2007, Petitioner commenced a habeas corpus proceeding in New York State Supreme Court, Erie County. He argued that revocation of his parole violated his due process rights, because the Division of Parole denied Petitioner the ability to receive supervision from New York Office of Mental Health. To summarize Petitioner's claim, he alleged that it was "illegal and unconstitutional for him to be placed in state prison, while under court ordered mental health treatment pursuant to an Order of Conditions under CPL 330.20." (Petition for Writ of Habeas Corpus, *In re Justice v. Dodson and Dennison*, No. 2007-1543 (N.Y. Co. Ct. Jan. 8, 2007) attached to Petition, *Justice v. Graham*, No. 09-CV-6054-CJS (W.D.N.Y. Feb 6, 2009) Ex. A at 11).)

---

[4]On July 3, 2007, Petitioner's parole was in fact revoked and he was returned to the custody of the New York State Department of Correctional Services ("DOCS").

-5-

In an Order filed on May 15, 2007, New York State Supreme Court Justice Russell P. Buscaglia denied the petition and dismissed the writ of habeas corpus. (Order, *People ex rel. Justice v. Livingston*, No. I-2007-1543 (N.Y. Sup. Ct. May 15, 2007) attached to Petition, *Justice v. Graham*, No. 09-CV-6054-CJS (W.D.N.Y. Feb 6, 2009) Ex. A at 4).) Petitioner appealed the dismissal of his State habeas petition to the New York State Supreme Court, Appellate Division, Fourth Department, and on February 29, 2008, that court dismissed the appeal. *People ex rel. Justice v. Livingston*, No. KAH 07-01262, Index No. I-2007-1543, *lv. den.* 52 A.D.3d 1294 (N.Y. App. Div. 4th Dept. 2008), *lv den.* 11 N.Y.3d 703, *cert. den. sub nom Justice v. Livingston*, 129 S. Ct. 933 (2009).

In the subject application, Petitioner essentially argues, in convoluted form, that this Court erred in its determination that he collaterally attacked the Order of Conditions filed by Justice Tills on January 11, 2006, and he maintains that his time to bring a Federal habeas corpus petition did not start running until May 1, 2008, when the New York State Court of Appeals dismissed his motion for leave to appeal with respect to the Order of Conditions. *In re Matter of an Application for an Order of Conditions*, Mo. No. 314, (N.Y. May 1, 2008).

**ANALYSIS**

Petitioner's argument that his time to bring a Federal habeas proceeding did not start running until May 1, 2008, the date the New York State Court of Appeals dismissed his motion for leave to appeal with respect to the Order of Conditions, imposed by Justice Tills, misses the point. As the Court made clear in its Decision and Order of August 6, 2009,

Here, Petitioner is challenging a sentence that became final in 1994. Years later, following his release to parole supervision, Petitioner collaterally attacked the Order of Conditions issued pursuant to NYCPL § 330.20. However, the filing of that collateral attack did not re-start the limitations period. Moreover, the essence of Petitioner's claim regarding timeliness is that he did not learn that he was subject to conditions under NYCPL § 330.20 until he was paroled. However, Petitioner was paroled on September 9, 2005, and he did not bring any collateral attack concerning the applicability of NYCPL § 330.20 until more than a year later. Such collateral attack could not toll the limitations period, because the period had already expired.

*Justice v. Graham*, No. 09-CV-6287-CJS, slip opn. at 6, 2009 WL 2424028, *3 (W.D.N.Y. Aug. 6, 2009). In other words, by the time Justice Tills imposed the Order of Conditions on January 11, 2006, the time to bring a Federal habeas petition challenging his original conviction had been expired for more than a decade.[5]

## CONCLUSION

Petitioner's motion (Docket No. 10) for relief from order is denied.

IT IS SO ORDERED.

Dated:   March 30, 2011
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge

---

[5]Petitioner challenged the parole revocation in *Justice v. Graham*, 09-CV-6054-MAT (Dec. 30, 2010). In his Decision and Order in that case, the Honorable Michael A. Telesca, U.S. District Judge, denied habeas relief and dismissed the petition. Petitioner's appeal of Judge Telesca's decision is pending in the Second Circuit. *Justice v. Graham*, No. 11-134 (2d Cir. Feb. 14, 2011).